UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 16-cr-20390

v                                              Honorable Thomas L. Ludington

D-1 JEFFREY W. PATRICK,
D-2 WILLIAM J. HARRIGAN,

        Defendant.
_____/

## ORDER RESOLVING PENDING MOTIONS

On May 25, 2016 the Grand Jury issued an indictment charging Defendant Jeffrey W. Patrick, Chief Engineer of the Uninspected Towing Vessel Victory ("UTV Victory"), with one count of discharging oil into Lake Huron in a quantity that caused a film or sheen upon the water from on or about May, 2014 to June 30, 2014 in violation of the Clean Water Act, 33 U.S.C. §§ 1321(b)(3) and 1319(c)(2)(A). *See* ECF No. 11. On June 22, 2016 a superseding indictment issued adding a charge against Assistant Engineer William J. Harrigan for violating §§ 1321(b)(3) and 1319(c)(2)(A), and charging both Defendants with conspiracy to violate the Clean Water Act in violation of 18 U.S.C. § 371. *See* ECF No. 14. The Government alleges that Defendants took a number of over acts in furtherance of the conspiracy, including the installation of a removable by-pass system in the engine room of the UTV Victory, which members of the conspiracy then allegedly used to discharge water contaminated with oil into Lake Huron and other parts of the Great Lakes. *Id.* The Government further alleges that members of the conspiracy took steps in order to avoid detection, including discharging the contaminated water

at night, failing to notify the National Response Center of the discharge, and later removing and concealing the by-pass system.

On October 11, 2016 Defendant Harrigan filed two motions to exclude evidence. *See* ECF Nos. 35, 36. That same day Defendant Patrick filed six motions to exclude and suppress evidence, a motion to compel discovery, and a motion to join in the relief requested by Defendant Harrigan. *See* ECF Nos. 37-44. For the reasons stated below Defendants' motions will be denied.

**I.**

As a threshold matter, Defendants seek to join in and concur in each other's requested relief. *See* ECF Nos. 43, 45. The Government objects to this joinder, arguing that the motions are not sufficiently supported and that joinder does not promote efficiency for the Court. While the Government is correct that joinder of this sort is generally discouraged, in the present matter the joinder requests promote efficiency, and will be granted. However, in the future such request will not be granted again absent a showing of good cause; counsel should not take this ruling as a license to file excessive overbroad and unsupported motions.

**II.**

Defendant Patrick first moves to dismiss the superseding indictment, or in the alternative to suppress evidence based on the Government's failure to obtain samples of the purportedly contaminated water. *See* ECF No. 44. Defendant argues that the Government's failure to obtain a sample of the water constitutes a failure to preserve material and exculpatory evidence in violation of Patrick's Due Process rights under the Fourteenth Amendment. "The Due Process Clause of the Fourteenth Amendment requires the State to disclose to criminal defendants favorable evidence that is material either to guilt or to punishment." *California v. Trombetta*, 467

U.S. 479, 480 (1984). To be considered material, "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id*. at 489.

Defendant Patrick cannot meet his burden of showing materiality. First, the exculpatory value of the samples was not readily apparent at the time. While it is true that water samples *may* have proven exculpatory, they also may have inculpated Defendant further. *Martinez-Martinez,* 369 F.3d 1076, 1087. This latter possibility may be bolstered through other evidence presented at trial, including witness testimony and photographs of the alleged oil sheen. Second, Defendant has not met his burden of establishing materiality because *no evidence was destroyed*; it simply did not exist in the first place. The Government's failure to collect potentially useful evidence does not constitute a Due Process violation absent a showing of bad faith. *See United States v. Martinez-Martinez,* 369 F.3d 1076, 1086-87 (holding that there was no violation of the defendant's due process rights where the government did not collect and preserve evidence of his intoxication, namely blood and urine samples, where there was no evidence that the failure to collect the samples was in bad faith); *Trombetta*, 467 U.S. at 489 (holding that the government did not violate the defendant's constitutional rights in failing to preserve breath samples where evidence suggested the evidence would not likely have been exculpatory and where destruction of the sample was pursuant to state procedures and not in bad faith).

Defendant argues that the mere fact that the Government did not collect the evidence shows bad faith. This position is untenable. Nothing in the Clean Water Act requires the Government to prove violations through direct – as opposed to circumstantial – evidence. If there are weaknesses in the Government's case that create a reasonable doubt as to Patrick's

guilt, then it is the job of the defense attorney to identify these weaknesses on cross-examination and during the presentation of Defendant's case. Defendant's motion to dismiss the superseding indictment or suppress evidence will be denied.

### III.

Defendant Patrick has also filed a motion to compel discovery and the disclosure of Brady materials. *See* ECF No. 42. This motion will be denied for two reasons. First, the Court's scheduling order issued on July 27, 2016 requires the government to "[p]ermit defense counsel to inspect, copy or photograph any exculpatory/impeachment evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83 (l963), *United States v. Agurs*, 427 U.S. 97 (l976), and *Giglio v. United States*, 405 U.S. 105 (l972). ECF No. 28 at (2)(B). The order further provides that the duty to disclose is "continuing, even throughout trial." *Id.* at (4). Because the government is already required to turn over any *Brady* materials, Patrick's motion is meritless without any allegation suggesting that the Government has not complied.

Furthermore, as explained by the Government, *Brady* is not a discovery tool. In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted, and is generally circumscribed by three rules: (1) Federal Rule of Criminal Procedure 16; (2) The Jencks Act, 18 U.S.C. § 3500; and (3) the doctrine set forth in *Brady*. *See United States v. Presser*, 844 F.2d 1275, 1285, fn. 12 (6th Cir.1988) (stating that in most criminal prosecutions, these three rules "exhaust the universe of discovery to which the defendant is entitled").

Rule 16 requires that the Government disclose discovery materials related to the defendant upon the defendant's request. Specifically, the Government must disclose oral, written, or recorded statements made by the defendant, the defendant's prior record, certain

photographs, papers, documents, data, or places within the government's possession or control, examination and test results, and expert witnesses. *See* Rule 16(a)(1). Rule 16 does not authorize the discovery of internal government documents or any statements made by prospective government witnesses in addition to discovery required by the Jenck's Act. Rule 16 also does not require pretrial discovery of co-conspirators statements. *See United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988) (citing *United States v. Roberts*, 811 F.2d 257, 258-59 (4th Cir. 1987); *United States v. Boykins*, 1990 WL 143559, at *7 (6th Cir. Oct. 2, 1990) (holding "co-conspirator statements do not fall within the ambit of Rule 16(a)(1)(A)" as a Defendant's statement and were therefore not discoverable pretrial).

Under the Jenck's Act, upon motion of the Defendant the government must produce "statements in its possession of witnesses who testify at trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir.1982). The Government need not provide statements or reports of witnesses until the witness "has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The Sixth Circuit has held that the Jencks Act controls the timing of *Brady* disclosures. *See United States v. Bencs*, 28 F.3d 555, 560-61 (6th Cir. 1994).

Under *Brady,* the government violates due process when it fails to disclose evidence related to guilt or sentencing in a criminal case that is favorable to the defendant. *Brady*, 373 U.S. at 87. The *Brady* rule extends to material that could be used to impeach the credibility of a government witness*. Giglio v. United States*, 405 U.S. 150, 154–55, (1972) (impeachment evidence falls within Brady "[w]hen the reliability of a given witness may well be determinative of guilt or innocence"). However, as explained by the Supreme Court, "[t]here is no general constitutional right to discovery in a criminal case, and Brady did not create one…." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Instead, *Brady* only applies to "the discovery,

after trial of information which had been known to the prosecution but unknown to the defense."

*United States v. Agurs,* 427 U.S. 97, 103 (1976).

Defendant now requests exculpatory and/or impeaching evidence relating to all Government witnesses. Defendant Patrick's general request for pretrial disclosure material as to all potential government witnesses is an insufficiently particularized request to justify departing from the Jencks Act. As explained by the Sixth Circuit:

> [P]roviding the defense with such a broad right of pre-trial discovery would vitiate an important function of the Jencks Act, the protection of potential government witnesses from threats of harm or other intimidation before the witnesses testify at trial. See, e.g., Roberts, 811 F.2d at 259. Clearly, the need to protect witnesses exists whether the witnesses are part of the government's case-in-chief or part of its potential evidence to rebut a possible defense. Accordingly, we conclude that the government cannot be compelled to disclose impeachment material which would be covered by the Jencks Act relating to any potential government witness, whether it be a witness in the case-in-chief or a rebuttal witness. Further, the government need not disclose impeaching material in its possession relating to any potential defense witness where that impeaching material does not meet the Brady test of being material and exculpatory.

*United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988).

The Government has already provided Defendant Patrick with broad discovery in this case, including grand jury transcripts and witness affidavits. Defendant Patrick's attempt to use *Brady* to effect broad pre-trial discovery will be denied. If there is a particular category of discoverable evidence under Rule 16 that the Government is withholding, Defendant Patrick may file a detailed and specific motion to compel including legal authority for the relief sought. His current kitchen-sink motion to compel will be denied.

**IV.**

Defendant Patrick next requests a pre-trial hearing on the general admissibility of co-conspirator statements. *See* ECF No. 41. Defendant has not identified any witnesses who he believes may be wrongfully identified as co-conspirators, or any line of testimony that he

believes may be improperly introduced. Defendant's general request thus appears to be yet another attempt to circumvent the criminal rules of discovery, and will be denied.

Under Federal Rule of Evidence 801(d)(2), statements offered against an opposing party that were made "by the party's coconspirator during and in furtherance of the conspiracy" are not hearsay statements. Issues regarding whether certain Government witnesses are co-conspirators, whether co-conspirator statements were made in furtherance of the conspiracy, and thus whether the statements are not hearsay will be resolved on a case-by-case basis. Any such issues may be resolved outside the presence of the jury at the time of trial.

**V.**

Defendants Harrigan and Patrick have each filed motions in limine to exclude anticipated testimony of Michael Lohr. *See* ECF Nos. 35, 38. Mr. Lohr was the third engineer aboard the UTV Victory, in the employment of Grand River Navigation, and allegedly alerted the Government to Defendants' Clean Water Act violations in June of 2014. After contacting the United States Coast Guard, Mr. Lohr's employment was terminated. In response, Mr. Lohr has filed a civil lawsuit against Grand River Navigation.

Both Defendants have moved to exclude testimony regarding Mr. Lohr's request that the Coast Guard remove him from the UTV Victory due to his fear of reprisal from the crew. Defendant Patrick has also moved to exclude testimony regarding Mr. Lohr's civil lawsuit against Grand River Navigation and Mr. Lohr's allegations that Grand River Navigation has prevented him from securing employment in the maritime sector. *See* ECF No. 39. In its responses, the Government represents that it does not currently intend to introduce such testimony, but seeks to reserve its right to do so should the testimony become relevant during the course of trial. Defendants' motions will therefore be provisionally granted. If during the course

of the proceedings the Government believes that such testimony has become relevant, the Government may move for the admission of the testimony.

## VI.

Defendants have also moved to exclude certain evidence related to the condition of the ship, equipment, and records as irrelevant and unduly prejudicial. Under the Federal Rules of Evidence, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or Supreme Court prescribed rules provide otherwise. Fed. R. Evid. 402. Under Rule 403, relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts are given broad discretion in making determinations of admissibility based on considerations of relevance and prejudice. *See Tompkin v. Philip Morris USA*, *Inc.*, 362 F.3d 882, 897 (6th Cir. 2004).

## A.

Defendant Patrick first moves to exclude evidence and testimony regarding the purported unsanitary condition of the UTV Victory. *See* ECF No. 37. At the Grand Jury Proceedings, Special Agent Christopher Whitmarsh testified that at the time the United States Coast Guard Investigators boarded the UTV Victory on June 30, 2014, the ship was filthy and very unsafe, that the walls, bulkheads, and deck plates were covered in oil residue, and that "[y]ou couldn't walk in there or touch anything without basically being covered in oil." The unsanitary

condition of the UTV Victory was also catalogued in reports completed by the United States Coast Guard Investigators after boarding the ship on June 30, 2014. The Government argues that it does not intend to introduce evidence of generally unsanitary conditions, but instead intends to introduce evidence of the presence of oil in locations that it should not have been found.

To establish that Defendants violated 33 U.S.C. §§ 1319(c)(2)(A) and 1321(b)(3), the Government must prove that Defendants (1) knowingly (2) discharged oil or hazardous substances (3) into or upon the navigable waters of the United States (4) in a quantity that caused a film or sheen upon or discoloration of the surface of the water. *Id*; 40 C.F.R. § 110.3. The Government argues that evidence regarding the presence of oil where it should not have been has a tendency to make it more likely that the UTV Victory had a problem with oil, that Defendants had knowledge of that problem, and that oil was discharged into the waters of the Great Lakes.

The Government has established that the discovery of oil in places it should not have been *may* be relevant, and so Defendant Patrick's motion will be denied without prejudice at this time. Before introducing such evidence at trial, however, the Government must provide sufficient foundational information to establish that the location of oil in the engine room is actually relevant to a material dispute of fact. If the Government fails to do so, Defendant may renew his motion in limine.

**B.**

Defendant Patrick has also moved to exclude evidence of alleged subsequent remedial measures. Through this motion, Defendant Patrick seeks to prevent the Government from introducing evidence that the UTV Victory's engine room and the removable by-pass system were later repaired. Under Federal Rule of Evidence 407:

> [w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measure is not admissible to prove:

>     negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or – if disputed – proving ownership, control, or the feasibility of precautionary measures.

*Id.*

For the reasons stated above, the presence of oil in the UTV Victory engine room and the state of the by-pass system at the time of the Coast Guard investigation is relevant to the charges in this matter. Any clean-up of the oil, repair of the engine room, or alterations to the by-pass system following the investigation is irrelevant under Rule 407 to the extent the Government seeks to introduce it to prove Defendants' culpability.  However, any alterations to the engine room or by-pass system *prior* to the investigation may be relevant as actions that led to the knowing discharge of oil or overt acts in furtherance of the conspiracy.  For instance, any alterations that took place after the discharge but prior to the investigation could be relevant as an attempt to avoid detection in furtherance of the conspiracy.

For these reasons, Defendant's motion will be provisionally granted in part, and evidence of remedial measures taken after the Government's investigation will be provisionally excluded. If during the course of the proceedings the Government believes that such testimony has become relevant, the Government may move for the admission of the evidence.

**C.**

Finally, Defendant Harrigan seeks to exclude the absence of Tank Sounding Logs for the relevant period. *See* ECF No. 36.  Tank Sounding Logs are records of the various liquid loads on the vessel. The parties have not provided the Court with any further information regarding the nature of "Tank Sounding Logs," and the Court does not have access to any discovery on this point apart from what the parties have provided in their motion papers.

Defendant argues that there is no statutory, regulatory, or other affirmative duty or requirement to maintain such sounding logs for the UTV Victory. In response, the Government argues that because Tank Sounding Logs were in fact recorded during the relevant time period, it does not intend to introduce evidence regarding the absence of those logs.  The Government further argues that the records are relevant to the question of Defendants' knowledge of the liquid load and the overall seaworthiness of the vessel, and – because disposing of liquid on shore requires time and money – relevant to the question of motive.  Such records are therefore an exception to the rule against hearsay under Federal Rule of Evidence 803(6), and relevant under Rules 401, 402, and 403.

Finally, the Government argues that Tank Sounding Logs for the relevant time period have not yet been produced by Defendant, but notes that it has obtained such records for times both before and after the relevant dates.  If this contention is correct then the Government will be permitted to introduce evidence of the absence of the logs, as the absence may be relevant to the conspiracy charge. Defendant Harrigan's motion will therefore be denied without prejudice at this time.

## VII.

Accordingly it is **ORDERED** that Defendants' requests for joinder and concurrence, ECF Nos. 43, 45, are **GRANTED**.

It is further **ORDERED** that Defendant Patrick's motion to dismiss and/or suppress, ECF No. 44, is **DENIED**.

It is further **ORDERED** that Defendant Patrick's motion to compel, ECF No 42, is **DENIED**.

It is further **ORDERED** that Defendant Patrick's request for a pretrial hearing on co-conspirator statements, ECF No. 41, is **DENIED**.

It is further **ORDERED** that Defendant Harrigan's motion to exclude evidence of Michael Lohr's purported reason for leaving the UTV Victory, ECF No. 35, is **PROVISIONALLY GRANTED**. Michael Lohr's purported reason for leaving the UTV Victory is **PROVISIONALLY EXCLUDED.**

It is further **ORDERED** that Defendant Patrick's motion to exclude any testimony regarding Michael Lohr's fear of retribution, ECF No. 38, is **PROVISIONALLY GRANTED.** Testimony regarding Michael Lohr's purported fear of retribution is **PROVISIONALLY EXCLUDED.**

It is further **ORDERED** that Defendant Patrick's motion to exclude testimony regarding Michael Lohr's civil lawsuit against Grand River Navigation, EDF No. 39, is **PROVISIONALLY GRANTED.** Testimony and evidence regarding Michael Lohr's civil lawsuit against Grand River Navigation is **PROVISIONALLY EXCLUDED**.

It is further **ORDERED** that Defendant Patrick's motion exclude evidence and testimony regarding the purported unsanitary condition of the UTV Victory, ECF No. 37, is **DENIED without prejudice.**

It is further **ORDERED** that Defendant Patrick's motion to exclude evidence of subsequent remedial measures, ECF No. 40, is **PROVISIONALLY GRANTED**. Evidence regarding any changes to the engine room or removable by-pass system following the Government investigation is **PROVISIONALLY EXCLUDED.**

It is further **ORDERED** that Defendant Harrigan's motion to exclude evidence of the absence of tank sounding logs, ECF No. 36, is **DENIED without prejudice.**

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: November 9, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 9, 2016.

                        s/Kelly Winslow
                        Kelly Winslow, Acting in the absence of
                        MICHAEL A. SIAN, Case Manager