UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                               Case No. 16-cr-20390

v                                                      Honorable Thomas L. Ludington

D-1  JEFFREY W. PATRICK,
D-2  WILLIAM J. HARRIGAN,

        Defendant.
_____/

**ORDER DENYING IN PART DEFENDANT'S MOTIONS FOR DISCOVERY
AND DENYING DEFENDANTS' JOINT MOTION TO DEPOSE COAST GUARD
WITNESSES**

On May 25, 2016 the Grand Jury issued an indictment charging Defendant Jeffrey W. Patrick, Chief Engineer of the Uninspected Towing Vessel Victory ("UTV Victory"), with one count of discharging oil into Lake Huron in a quantity that caused a film or sheen upon the water from on or about May, 2014 to June 30, 2014 in violation of the Clean Water Act, 33 U.S.C. §§ 1321(b)(3) and 1319(c)(2)(A). *See* ECF No. 11. On June 22, 2016 a superseding indictment issued adding a charge against Assistant Engineer William J. Harrigan for violating §§ 1321(b)(3) and 1319(c)(2)(A), and charging both Defendants with conspiracy to violate the Clean Water Act in violation of 18 U.S.C. § 371. *See* ECF No. 14. The Government alleges that Defendants took a number of overt acts in furtherance of the conspiracy, including the installation of a removable by-pass system in the engine room of the UTV Victory, which members of the conspiracy then allegedly used to discharge water contaminated with oil into Lake Huron and other parts of the Great Lakes. *Id.* The Government further alleges that members of the conspiracy took steps in order to avoid detection, including discharging the

contaminated water at night, failing to notify the National Response Center of the discharge, and later removing and concealing the by-pass system.

On October 11, 2016 Defendant Harrigan filed two motions to exclude evidence, and Defendant Patrick filed six motions to exclude and suppress evidence, a motion to compel discovery, and a motion to join in the relief requested by Defendant Harrigan. *See* ECF Nos. 35-44. The motions were provisionally resolved by an order dated November 9, 2016. *See* ECF No. 62. Following a final pretrial conference held on January 11, 2017, Defendants filed three motions to compel discovery and the Government filed a motion for reciprocal discovery. To the extent Defendants seek grand jury transcripts their motions will be denied. Defendants' motion to depose a witness will also be denied. The remainder of the relief sought by the parties will be addressed at the hearing to be held on Tuesday, March 21, 2017.

**I.**

In contrast to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted, and is generally circumscribed by three rules: (1) Federal Rule of Criminal Procedure 16; (2) The Jencks Act, 18 U.S.C. § 3500; and (3) the doctrine set forth in *Brady*. *See United States v. Presser*, 844 F.2d 1275, 1285, fn. 12 (6th Cir.1988) (stating that in most criminal prosecutions, these three rules "exhaust the universe of discovery to which the defendant is entitled").

Rule 16 requires that the Government disclose discovery materials related to the defendant upon the defendant's request. Specifically, the Government must disclose oral, written, or recorded statements made by the defendant, the defendant's prior record, certain photographs, papers, documents, data, or places within the government's possession or control, examination and test results, and expert witnesses. *See* Rule 16(a)(1). Rule 16 does not authorize

the discovery of internal government documents or any statements made by prospective government witnesses in addition to discovery required by the Jenck's Act. Rule 16 also does not require pretrial discovery of co-conspirators statements. *See United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988) (citing *United States v. Roberts*, 811 F.2d 257, 258-59 (4th Cir. 1987); *United States v. Boykins*, 1990 WL 143559, at *7 (6th Cir. Oct. 2, 1990) (holding "co-conspirator statements do not fall within the ambit of Rule 16(a)(1)(A)" as a Defendant's statement and were therefore not discoverable pretrial).

Under the Jenck's Act, upon motion of the Defendant the government must produce "statements in its possession of witnesses who testify at trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir.1982). The Government need not provide statements or reports of witnesses until the witness "has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The Sixth Circuit has held that the Jencks Act controls the timing of *Brady* disclosures. *See United States v. Bencs*, 28 F.3d 555, 560-61 (6th Cir. 1994).

Under *Brady,* the government violates due process when it fails to disclose evidence related to guilt or sentencing in a criminal case that is favorable to the defendant. *Brady*, 373 U.S. at 87. The *Brady* rule extends to material that could be used to impeach the credibility of a government witness. *Giglio v. United States*, 405 U.S. 150, 154–55, (1972) (impeachment evidence falls within Brady "[w]hen the reliability of a given witness may well be determinative of guilt or innocence"). However, as explained by the Supreme Court, "[t]here is no general constitutional right to discovery in a criminal case, and Brady did not create one…." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Instead, *Brady* only applies to "the discovery, after trial[,] of information which had been known to the prosecution but unknown to the defense." *United States v. Agurs,* 427 U.S. 97, 103 (1976). During the course of the proceedings,

"the government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to comply adequately with a discovery order requiring it to disclose Brady material, it acts at its own peril." *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988).

### A.

In each of their motions for discovery, Defendants first seek to compel the production of grand jury transcripts and statements. Defendants argue that they requires the grand jury transcripts under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), which allows the court to order disclosure of grand jury testimony "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." *Id*. A party seeking disclosure under this rule must demonstrate a "'particularized need' rather than a general one." *United States v. Short*, 671 F.2d 178, 186 (6th Cir. 1982) (quoting *United States v. Procter & Gamble Co.,* 356 U.S. 677, 681 (1958)); *see also Douglas Oil Co. v. Petrol Stops NW*, 441 U.S. 221, 222 (1979). To meet that standard, parties must establish that the "material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co*., 441 U.S. at 222. The "indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity." *Gamble*, 356 U.S. at 682 (internal citation omitted). Cases allowing transcript release generally include those where a transcript is needed to "test a witness's credibility, impeach a witness, or refresh a witness's recollection." *Id.* at 683.

In support of his request for transcript disclosures, Patrick speculates that several Grand Jury witnesses contradicted the Government's theory of the case, and asserts that he needs the

transcripts in order to identify witnesses whose testimony may be exculpatory. A similar request by Defendant was already denied by this Court as follows:

> Defendant now requests exculpatory and/or impeaching evidence relating to all Government witnesses. Defendant Patrick's general request for pretrial disclosure material as to all potential government witnesses is an insufficiently particularized request to justify departing from the Jencks Act. As explained by the Sixth Circuit:
>
>> [P]roviding the defense with such a broad right of pre-trial discovery would vitiate an important function of the Jencks Act, the protection of potential government witnesses from threats of harm or other intimidation before the witnesses testify at trial. *See, e.g., Roberts*, 811 F.2d at 259. Clearly, the need to protect witnesses exists whether the witnesses are part of the government's case-in-chief or part of its potential evidence to rebut a possible defense. Accordingly, we conclude that the government cannot be compelled to disclose impeachment material which would be covered by the Jencks Act relating to any potential government witness, whether it be a witness in the case-in-chief or a rebuttal witness. Further, the government need not disclose impeaching material in its possession relating to any potential defense witness where that impeaching material does not meet the *Brady* test of being material and exculpatory. *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988).
>
> The Government has already provided Defendant Patrick with broad discovery in this case, including grand jury transcripts and witness affidavits. Defendant Patrick's attempt to use *Brady* to effect broad pre-trial discovery will be denied. If there is a particular category of discoverable evidence under Rule 16 that the Government is withholding, Defendant Patrick may file a detailed and specific motion to compel including legal authority for the relief sought. His current kitchen-sink motion to compel will be denied.

*See* ECF No.

Through their current requests, Defendants again attempts to circumvent the limits of Rule 16 and the Jencks Act. Defendants have not identified any improper matter that occurred before the grand jury. A generalized desire to inspect the grand jury transcripts in the hopes that beneficial evidence will be discovered does not satisfy the particularized need requirement. Furthermore, as pointed out by the Government, Defendants can obtain the information in the

grand jury transcripts by another source. Namely, Defendants may interview witnesses, such as Christopher Whitmarsh, and call them to testify at trial. "[T]here is no *Brady* violation if the defendant knew or should have known the essential facts permitting him to take advantage of the information in question, or if the information was available to him from another source." *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000).[1]

**B.**

Defendants also seek disclosure of a variety of physical evidence. In his motion Defendant Patrick seeks disclosure of seven categories of samples, lab reports, photographs, field notes, audio, charts, and record books. *See* ECF No. 64. Defendant, Harrigan, in turn, seeks ten categories of evidence including inventories of items removed from the vessels, photographs, interview notes, crew-member statements, a diagram of and information related to the oily water separator, an oil record book, and EPA notes and reports.

Defendants again argue that the evidence is discoverable under *Brady*. For the reasons already stated, this argument is without merit. During this stage of the proceedings, it is the government's responsibility to judge what evidence is subject to disclosure under *Brady*. *See Presser*, 844 F.2d at 1281. That obligation is ongoing. If the Government encounters exculpatory evidence, it is already required to turn it over to Defendants. The fact that the Government has not turned over any such evidence to Defendants demonstrates that no such evidence currently exists.

Defendants also argue that the materials are necessary to prepare their defense under Rule 16(a)(1)(E). That rule requires the government to permit the defendant

---

[1] The Government's *Brady* obligations are continuing. If the Government obtains any potentially exculpatory or impeachment evidence within the scope of *Brady*, the Government is required to "[p]ermit defense counsel to inspect, copy or photograph any exculpatory/impeachment evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83 (l963), *United States v. Agurs*, 427 U.S. 97 (l976), and *Giglio v. United States*, 405 U.S. 105 (l972). *See* Scheduling Order, ECF No. 13 at (2)(b).

>to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
>>(i) the item is material to preparing the defense;
>>
>>(ii) the government intends to use the item in its case-in-chief at trial; or
>>
>>(iii) the item was obtained from or belongs to the defendant.

*See* Fed. R. Crim. P. 16(a)(1)(E). "It is a defendant's burden to make a prima facie showing of materiality in order to obtain disclosure of a document under Rule 16." *United States v. Dobbins,* 482 F. App'x. 35, 41 (6th Cir. 2012) (quoting *United States v. Phillip*, 948 F.2d 241, 250 (6th Cir.1991)). The Sixth Circuit has addressed Rule 16 as follows:

>Materiality under Rule 16 has not been authoritatively defined in this Circuit. However, the Supreme Court has determined that "defense" within the meaning of Rule 16 means the "defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996). Therefore, the rule applies only to 'shield' claims that 'refute the Government's arguments that the defendant committed the crime charged.' … It follows that information which does not counter the government's case or bolster a defense is not material "merely because the government may be able to use it to rebut a defense position." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993). Rather, there must be an indication that pre-trial disclosure would have enabled the defendant to "alter the quantum of proof in his favor," not merely that a defendant would have been dissuaded from proffering easily impeachable evidence. *Id*. In assessing materiality, we consider the logical relationship between the information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole. *See id*.

*United States v. Lykins*, 428 F. App'x. 621, 624 (6th Cir. 2011).

Defendants argue that the requested materials are necessary to the defense because they will help identify potential witnesses and confirm the precise location of the alleged contaminants in Lake Huron. At this stage, the Court does not have sufficient information to discern (1) what, if any, of the requested evidence actually exists, (2) what, if any, of the

requested evidence is in the Government's possession, custody, or control, or (3) what, if any, of the requested evidence is actually material to the defense. These issues will therefore be addressed at the hearing to be held on Tuesday, March 21, 2017.

## II.

Defendants have also filed a joint motion to depose coast guard witnesses. *See* ECF No. 72. Defendants recognize that Federal Rule of Criminal Procedure 15(a)(1) provides the standard for depositions in criminal cases. Under that rule, "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." *Id*. Defendants argue that extraordinary circumstances exist because there appear to be weaknesses in the witnesses' testimony, because it is possible that some of the witnesses will be unavailable at the time of trial, and because depositions will streamline the trial process.

Defendants have not demonstrated any extraordinary circumstances warranting the taking of depositions in this criminal matter. First, Defendants' argument that depositions will streamline the trial process is without merit. "Depositions generally are disfavored in criminal cases." *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993). To the extent Defendants assert that there are weaknesses in the coast guard witnesses' testimony, Defendants have the ability to highlight those weaknesses during cross-examination at trial. Defendants have not shown that the crucible of cross-examination at trial will be insufficient to safeguard their rights under the Confrontation Clause. *Crawford v. Washington*, 541 U.S. 36, 61 (2004). Finally, speculation that a witness may eventually become unavailable is insufficient to establish an exceptional circumstance warranting the depositions of multiple witnesses. If a witness does in

fact become unavailable Defendants may reassert their request as to that particular witness. Defendants' joint motion to take depositions will be denied.

### III.

The Government also has two pending motions before the Court. First, the Government seeks reciprocal discovery from Defendants. Because the Government is only entitled to reciprocal discovery after it complies with its own discovery obligations, this motion will be resolved after Defendants' remaining discovery requests are resolved.

The Government has also filed a sealed motion regarding conflict of interest issues. *See* ECF No. 82. That motion will also be addressed at the time of the hearing.

### IV.

Accordingly, it is **ORDERED** that Defendants' requests for discovery, ECF Nos. 64, 65, are **DENIED IN PART**.

It is further **ORDERED** that Defendants' joint request to depose coast guard witnesses, ECF No.72, is **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: March 17, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 17, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager