UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 16-cr-20390

v                                                Honorable Thomas L. Ludington

D-1 JEFFREY W. PATRICK,
D-2 WILLIAM J. HARRIGAN,

        Defendant.
_____/

**ORDER DENYING DEFENDANTS' MOTIONS IN LIMINE,
GRANTING GOVERNMENT'S MOTION TO ADJOURN,
ADJOURNING TRIAL DATE, AND DETERMINING EXCLUDABLE DELAY**

On May 25, 2016 the Grand Jury issued an indictment charging Defendant Jeffrey W. Patrick, Chief Engineer of the Uninspected Towing Vessel Victory ("UTV Victory"), with one count of discharging oil into Lake Huron in a quantity that caused a film or sheen upon the water from on or about May, 2014 to June 30, 2014 in violation of the Clean Water Act, 33 U.S.C. §§ 1321(b)(3) and 1319(c)(2)(A). *See* ECF No. 11. On June 22, 2016 a superseding indictment issued adding a charge against Assistant Engineer William J. Harrigan for violating §§ 1321(b)(3) and 1319(c)(2)(A), and charging both Defendants with conspiracy to violate the Clean Water Act in violation of 18 U.S.C. § 371. *See* ECF No. 14. The Government alleges that Defendants took a number of overt acts in furtherance of the conspiracy, including the installation of a removable by-pass system in the engine room of the UTV Victory, which members of the conspiracy then allegedly used to discharge water contaminated with oil into Lake Huron and other parts of the Great Lakes. *Id.* The Government further alleges that members of the conspiracy took steps in order to avoid detection, including discharging the

contaminated water at night, failing to notify the National Response Center of the discharge, and later removing and concealing the by-pass system.

Contentious discovery in this matter has led to numerous adjournments to the scheduling order, including two adjournments occasioned by motions in limine filed by Defendants. *See* ECF Nos. 63, 66. After a jury trial was scheduled for April 11, 2017, a telephonic status conference was held on April 4, 2017. *See* ECF No. 90. At that time, the parties informed the Court that on March 24, 2017, the government had executed a search warrant in Sturgeon Bay, Wisconsin related to this case. Pursuant to the warrant, the government obtained evidence including a memory card from the oil content meter on the UTV Victory's oily water separator. The parties therefore sought an extension so that the government could analyze the data on the memory card. *See* ECF No. 91. An extension to the scheduling order was therefore granted, and the jury trial was adjourned to May 16, 2017. *Id*. The parties were also directed to submit pre-trial submissions, including exhibit lists, witness lists, proposed jury instructions, and trial briefs by April 21, 2017. *Id*. The Government did not submit any pre-trial submissions by the deadline.

**I.**

On April 24, 2017 Defendants filed two motions in limine. Through one of the motions, Defendants seek to preclude the Government from offering any evidence or testimony derived from the memory card. *See* ECF No. 94. Defendants represent that the Government had not produced any information, analysis, or reports relating to the memory card, and that any future reports would be untimely due to noncompliance with the pre-trial submission deadline. Through the second motion in limine, Defendants seek to preclude the Government from offering expert testimony from any witness other than Kristy Juaire. *See* ECF No. 98. Defendants argue that any

further expert disclosures would be untimely under the pre-trial submission deadline. Pursuant to a Court order directing expedited responses, the Government responded to both motions on May 1, 2017. *See* ECF Nos. 96, 97. The Government notes that the memory card analysis was completed on May 1, 2017, and that it anticipated receiving the relevant data files the following day. Defendants filed a joint reply on May 5, 2017. *See* ECF No. 99.

**A.**

In response to Defendants' argument that it waived the right to introduce the memory card evidence by missing the pre-trial submission deadline, the Government concedes that it inadvertently missed the Court's deadline. The Government notes, however, that it has provided Defendants with thousands of pages of discovery throughout this case, some of which could have been withheld as Jenks material. In contrast, the Government argues, Defendants have repeatedly provided the Government with discovery on the eve of (later delayed) trial dates. In replay Defendants dispute this assertion, arguing that they have met their discovery obligations in this case.

The Government also argues that the data card was discovered in a timely manner. The Government points out that the memory card was in the possession of Defendants or their employer for the pendency of this prosecution, and that it was technically within the scope of a grand jury subpoena served on Defendants' employer on July 5, 2016. The Government also argues that upon learning of the existence of the memory card on March 8, 2017, the Government promptly sought a search warrant. The Government asserts that its agents obtained the search warrant as soon as practicable, given the difficulty of securing a warrant for a vessel with an unpredictable schedule moving between different judicial districts. As noted by the Government, its agents promptly executed the search warrant on March 24, 2017. The

Government has therefore demonstrated that the delay in seeking a warrant for the memory card was not in order to secure an unfair strategic advantage or hamper the defense. *See Barker v. Wingo*, 407 U.S. 514, 531 (1972) (holding that the Government's valid reason for a delay should serve to justify an appropriate delay of criminal proceedings).

In a previous stipulation, entered on April 7, 2017, Defendants agreed to an adjournment of the scheduling order, in part to allow the Government to analyze data on the memory card. *See* ECF No. 91. Defendants agreed "the analysis will make the data on the memory card accessible and understandable to the parties, and will also reveal the relevance of the information on the card regarding the functioning of the oily water separator and oil content meter on the *Victory*. In turn, the information on the memory card may prove to be useful to the jury during the trial in this case." *Id.* Defendants also agreed that an adjournment to receive and comprehend the newly obtained evidence outweighed the best interest of the public and Defendants in a speedy trial, and was therefore excludable pursuant to 18 U.S.C. 3161(h)(7)(A). *Id.* Having therefore agreed in writing that the Government's pursuit of newly discovered evidence constituted excusable delay, Defendants may not reverse their position based on a filing technicality. Additionally, the Court finds that the Government has acted diligently in pursuing the memory card evidence, and that the evidence will likely be relevant and helpful to resolving this case. Defendants' motion to exclude the memory card data will be denied.

**B.**

Defendants also move to preclude the Government from offering any expert witnesses that have not been previously disclosed. In effect, Defendants seek to prevent the Government from introducing any expert testimony regarding the content of the oil content meter memory card. In response, the Government states its intention to call Fred Henzle as an expert to explain

the data stored on the memory card. The Government also states that it intends to call Manuel Gutierez, a high school graduate, to explain the operations of the oily water separator on the *Victory*. The Government asserts that Mr. Guttierez's testimony regarding the memory card will be straightforward, and is more appropriately considered opinion testimony under Federal Rule of Evidence 701 than as expert testimony under Rule 702.

Given the late discovery of the memory card evidence, and Defendants' prior concession that analysis of that evidence would be helpful and potentially useful, the Government's late disclosure of experts related to the memory card does not constitute unfair delay or prejudice. Moreover, expert testimony will be particularly helpful in this case, as it involves a unique industry that is outside the average juror's common experience, and technical questions regarding the engineering and mechanics of an oily water separator in the context of a large, open water vessel. Defendants' motion to exclude the Government's late expert disclosures will therefore be denied.

## C.

According the Government, the parties did not receive the data and analysis from the memory card until May 1, 2017. On May 5, 2017, the Government moved to adjourn the trial date, arguing that additional time was necessary to resolve the remaining discovery issues and secure essential witnesses for trial. In order to allow the parties time to review and understand the evidence, the trial will be adjourned one final time. The parties should treat this new date as the final trial date. Therefore, based on the nature of the newly discovered memory card evidence, the Government's motion, and the parties previous stipulation, the Court finds that the ends of justice are served by a continuance, which outweighs the interests of the public and Defendants in a speedier resolution.

## II.

Accordingly it is **ORDERED** that Defendants' motions in limine, ECF Nos. 93, 94, are **DENIED**.

It is further **ORDERED** that the Government's motion to adjourn, ECF No. 100, is **GRANTED.**

It is further **ORDERED** that the jury trial scheduled for April 26, 2017 is **ADJOURNED** to **June 13, 2017 at 8:30 AM**. The parties should be prepared to continue the trial into the following week.

It is further **ORDERED** that the time period from May 26, 2017 to June 13, 2017 be **EXCLUDED** for the purpose of computing the time limits under 18 U.S.C.§ 3161(c)(1), pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 8, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 8, 2017.

s/Kelly Winslow for  
MICHAEL A. SIAN, Case Manager